UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| DENNIS M. SCOTT, | )<br>) |
| Plaintiff, | )  Case No. 1:13-cv-198<br>) |
| v. | )  Honorable Robert Holmes Bell<br>) |
| JACK COOPER TRANSPORT<br>COMPANY, INC., | )<br>)<br>)  **REPORT AND RECOMMENDATION** |
| Defendant. | )<br>) |

This is an employment discrimination action brought *pro se* by plaintiff against his employer, Jack Cooper Transport Company, Inc. On February 19, 2013, plaintiff filed his complaint. His initial pleading consisted of the EEOC's right-to-sue letter on administrative charge no. 471-2011-03575 (docket # 1-1, ID#s 6-7), a fragment of a proposed conciliation agreement (*Id.* at ID#s 4-5), and a letter to the Clerk in which he stated that it was "now past the 90 days [he] had to file," and that he was "requesting a special ruling which [would] allow[] him more time to pursue this case" (docket # 1, ID# 1). On February 26, 2013, the court entered a deficiency order requiring that plaintiff file an amended complaint on the form provided by the court for *pro se* complaints under Title VII. (2/26/13 Order, docket # 2).

On March 26, 2013, plaintiff filed his amended complaint.[1] (docket # 3). He alleges unlawful discrimination in violation of Title VII on the basis of his race and color and is relying on

---

[1] Plaintiff's amended pleading is not a model of clarity. In the space provided for his statement of facts, plaintiff initially wrote, "copy sent – see attachment, " then he crossed it out and replaced it with "N/A." (*Id.* at 4, ID# 12).

the right-to-sue letter issued on administrative charge no. 471-2011-03575. (*Id.* at 5, 7, ¶¶ 9, 12, 21, ID#s 13, 15).

The matter is now before the court on defendant's Rule 12(b)(6) motion seeking dismissal of plaintiff's complaint. (docket # 8). On August 28, 2013, plaintiff filed his response. (docket # 10). I recommend that defendant's Rule 12(b)(6) motion be granted and that all plaintiff's claims based upon administrative charge no. 471-2011-03575 be dismissed with prejudice because those claims are time-barred, and that all plaintiff's claims not based on the aforementioned charge be dismissed without prejudice because plaintiff did not exhaust his administrative remedies on those claims.

**Applicable Standards**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

In deciding motions to dismiss under Rule 12(b)(6), the court is generally limited to examination of the complaint alone. Nevertheless, the court may also take into account exhibits to the complaint, Fed. R. Civ. P. 10(c), as well as documents referred to in the complaint but not attached, and matters of public record. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Thus, the court may refer to documents attached to or referred to in plaintiff's complaint, as well as the matters of public record appended to defendants' motion. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (publicly filed records); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (document referred to but not attached to complaint); *QQC v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (same).

**Facts**

On September 28, 2011, plaintiff filed an administrative charge with the EEOC claiming retaliation in violation of Title VII. (docket # 8-2, ID# 48). The EEOC assigned no. 471-2011-03575 to this administrative charge. (*Id.*). The EEOC later notified plaintiff that it had elected not to bring suit against plaintiff's employer and that it was closing its file in this case. On November 7, 2012, the EEOC issued its right-to-sue letter. (docket # 1-1, ID# 6). The EEOC's letter advised plaintiff: "Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost." (*Id.*). Plaintiff states that he "received" the right-to-sue letter on November 7, 2012. (Am. Compl. at 5, ¶ 12, ID# 13). Thus, plaintiff was required to file his complaint no later than February 5, 2013. Plaintiff filed this lawsuit on February 19, 2013.

**Discussion**

Defendant seeks dismissal of plaintiff's claims on the grounds that all plaintiff's claims based on administrative charge no. 471-2011-03575 are time-barred, and that all other claims against defendant should be dismissed for lack of exhaustion.

1. Retaliation Claims Based on Administrative Charge No. 471-2011-03575

Title VII provides that an employment discrimination complaint must be filed within ninety days after the "giving" of notice by the EEOC of its dismissal of an administrative charge. 42 U.S.C. § 2000e-5(f)(1). Federal courts "strictly enforce" the ninety-day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The ninety-day period for bringing suit begins when the right-to-sue letter is actually received. *Peete v. American Standard Graphic*, 885 F.2d 331 (6th Cir. 1989). Plaintiff states that he received the EEOC's right-to-sue letter on November 7, 2012. (Am. Compl. at 5, ¶ 12, ID# 13). His 90-day period within which to file a civil complaint expired on February 5, 2013. Plaintiff filed this lawsuit on February 19, 2013, well after the deadline had passed.[2]

The ninety-day period for filing Title VII actions is in the nature of a statute of limitations. *See Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 620 (6th Cir. 1983). Defendant timely asserted this defense in its motion to dismiss.

---

[2]The result would not be altered even if the court assumed that plaintiff erroneously inserted the date the right-to-sue letter was issued as the date it was "received." (Am. Compl. at 5, ¶ 12, ID# 13). In the absence of contrary evidence, the courts will assume that a document is received five days after its mailing. *See Graham-Humphreys*, 209 F.3d at 557; *see also Spurlock v. Synthes (USA)*, No. 12-2947, 2013 WL 4739703, at * 5 (W.D. Tenn. Sept. 3, 2013). Further, in the absence of challenge, the courts assume that the EEOC mailed the notice on the date shown on its face. 209 F.3d at 557. Thus, the presumed date of receipt would have been November 12, 2012, and plaintiff's deadline for filing his complaint would have been February 10, 2013.

Although the limitations period is subject to principles of equitable tolling on limited grounds, *see Graham-Humphreys*, 209 F.3d at 560-61; *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir. 1987), plaintiff has not proven any such grounds. *See Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003)(It is the claimant's burden to demonstrate that he is entitled to equitable tolling of the 90-day period for filing his complaint). Plaintiff states that his employment makes it difficult for him to conduct business on weekdays. (docket # 1 at 1). This does not suffice to establish a foundation for equitable tolling. It takes very little time to file a civil complaint. In the exercise of reasonable diligence, plaintiff's employment would not have prevented him from filing this lawsuit in a timely manner. *See Graham-Humphreys*, 209 F.3d at 561-62. Absent grounds for equitable tolling, the district court is powerless to extend the ninety-day statutory period for even a single day.[3] *See Pete v. American Standard Graphic*, 885 F.2d at 331-32; *see also Brown v. Maneta*, 146 F. App'x 604, 605 (4th Cir. 2005); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001). I therefore recommend that all plaintiff's claims against defendant based on administrative charge no. 471-2011-03575 be dismissed with prejudice because such claims are time-barred.

2. Title VII Claims Based on Race and Color

Plaintiff alleges unlawful discrimination in violation of Title VII on the basis of his race and color. (Am. Compl. at 5, ¶ 9, ID# 13). Plaintiff has never received a right-to-sue letter from

---

[3]"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants" because "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (citations & internal quotes omitted).

the EEOC on these claims. As a statutory prerequisite to the ability to bring suit under Title VII, a claimant must file a timely administrative charge with the EEOC or analogous state agency and receive a right-to-sue letter at the conclusion of the administrative proceedings. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Exhaustion of administrative remedies is a prerequisite to plaintiff's ability to maintain an employment discrimination suit under Title VII. *See Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982). I recommend that all plaintiff's claims not based on administrative charge no. 471-2011-03575 be dismissed without prejudice because plaintiff did not exhaust his available administrative remedies on those claims.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's Rule 12(b)(6) motion (docket # 8) be granted and that all plaintiff's claims against defendant based on administrative charge no. 471-2011-03575 be dismissed with prejudice because plaintiff's complaint was untimely, and that all plaintiff's claims not based on the aforementioned charge be dismissed without prejudice because plaintiff did not exhaust his administrative remedies on those claims.

Dated:  November 19, 2013          /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).